UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANCIS SERIGNY (#108190)

VERSUS                                            CIVIL ACTION

HOWARD PRINCE, ET AL                              NUMBER 14-126-JWD-SCR

## **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 29, 2014.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANCIS SERIGNY (#108190)

VERSUS                                              CIVIL ACTION

HOWARD PRINCE, ET AL                                NUMBER 14-126-JWD-SCR

## MAGISTRATE JUDGE'S REPORT

### I. Background

Pro se plaintiff, an inmate confined at Hunt Correctional Center ("HCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against HCC Howard Prince and Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc.[1] Liberally construed, the plaintiff alleged that prison personnel interfered with his access to the courts and committed malfeasance and obstruction of justice.

Specifically, the plaintiff alleged that in September 2012 he appeared before the Louisiana Parole Board. Plaintiff alleged that Jack Jambon, the victim of the crime for which he is currently incarcerated, sent a letter to the Parole Board opposing the

---

[1] Warden Prince was not served with the summons and complaint. Record document number 17. According to the Process Receipt and Return Form USM-285, service was not accepted for Howard Prince because he retired (and is therefore no longer employed by the Department of Corrections). *Id*. Plaintiff has not provided the U.S. Marshal with an address at which Prince can be served with process or taken any action to obtain an address for service.

plaintiff's release.

Plaintiff alleged that approximately six months later he again appeared before the Parole Board seeking release from custody. Plaintiff alleged that Jambon, and representatives from the Lafourche Parish Sheriff's Office, the Lafourche Parish District Attorney's Office and the crime scene investigator appeared in person at the hearing to oppose the plaintiff's release. Plaintiff alleged that during the hearing Jambon threatened to kill him if he were released from custody.

Plaintiff alleged that on August 22, 2013, he prepared a criminal complaint against Jambon. Plaintiff alleged that on August 24, 2013, he mailed the notarized documents to the prison's business office to have the documents copied. Plaintiff alleged that when he received no response to his copy request, he contacted Asst. Warden Jim Tillman. Plaintiff alleged that Asst. Warden Tillman told him that the documents would not be copied or returned to him "to avoid trouble for everyone."

Plaintiff alleged that on September 8, 2013, he filed Administrative Remedy Procedure (hereafter, "ARP") EHCC-2013-1245 complaining that his legal documents were improperly confiscated. Plaintiff alleged that Asst. Warden Prince did not file a timely response to his ARP. Plaintiff alleged that he proceeded to the Second Step of the ARP.

Plaintiff alleged that on November 1, 2013, his documents were

2

returned, but no copies were provided.  Plaintiff alleged that on November 3, 2013, he mailed the documents to the Nineteenth Judicial District Court, and on November 7, 2013, Judge Moore returned the documents to him.

Plaintiff alleged that prison officials eventually denied his ARP and refused to admit their wrongdoing.  Plaintiff alleged that Secretary LeBlanc and Warden Prince committed malfeasance and obstruction of justice.

## II. Applicable Law and Analysis

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are

3

fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Respondeat Superior**

Plaintiff named Secretary Stalder and Warden Prince as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

First, to be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary LeBlanc and Asst. Warden Prince are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Second, the plaintiff does not have a federally protected right to a prompt and favorable response to an ARP. Indeed, the Administrative Remedy Procedure does not itself establish any federal right. It is a mechanism for resolving disputes at the

4

institutional level.

**C. Access to Courts**

To the extent that the plaintiff's complaint can be liberally construed to allege a denial of access to the courts, the claim is without merit.

A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects ones physical access to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d

639, 642 (7th Cir. 1987).

In his complaint, the plaintiff conceded that after his documents were returned to him he forwarded his proposed criminal complaint to the Nineteenth Judicial District Court. Plaintiff cannot show that he suffered any detriment caused by the alleged conduct.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

**D. Supplemental Jurisdiction**

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367. The court should decline to exercise supplemental jurisdiction over any state law claim.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C.

§1915(e)(2)(B)(i), without leave to amend as to his access to the courts claim as there is no conceivable claim he could allege against either defendant consistent with the allegations in his complaint, and without prejudice to any state law claim.

Baton Rouge, Louisiana, August 29, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE